NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022[*]
Decided February 22, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2464

| | |
|---|---|
| JOEL S. FLAKES, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 17-cv-237-wmc |
| KEVIN CARR, EDWARD WALL, & HOLLY KITCHELL, <br> *Defendants-Appellees*. | William M. Conley, <br> *Judge*. |

**O R D E R**

Joel Flakes, a wheelchair-bound, Wisconsin state inmate, appeals the entry of summary judgment against his claims that prison officials failed to accommodate his disability. On appeal, he raises only a narrow issue: whether the district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

improperly accepted several declarations that the officials submitted in support their summary-judgment motion. We affirm.

Flakes wanted as an accommodation the ability to choose a "personal-care attendant" to live with him and perform various tasks. The prison denied his request, and Flakes sued the responsible prison employees. At screening under 28 U.S.C. § 1915A, Flakes was allowed to proceed on a claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and an equal-protection claim under the Fourteenth Amendment.

The district court entered summary judgment for the defendants, accepting the defendants' argument that Flakes's requested accommodation was unreasonable. The court relied on several declarations, among them an undisputed opinion of Flakes's treating physician that Flakes did not need the accommodation and could perform daily-living tasks on his own. The court also relied on the declaration of the prison's ADA Coordinator, asserting that respite workers were already available to assist him.

Flakes brings only a narrow issue on appeal. He argues that the district court relied on inadmissible evidence by accepting the defendants' declarations of witnesses that contained only electronic signatures—a practice that, he believes, violates 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury"). Appellees contend that Flakes forfeited this argument by failing to raise it in the summary-judgment proceedings. (Flakes made a statement in his own declaration, rather than argue in his summary-judgment brief, that the staff declarations were unsigned.)

Forfeiture aside, Flakes's argument is a non-starter. Declarations must be signed under penalty of perjury, but nothing in 28 U.S.C. § 1746 requires handwritten signatures. And in other contexts, Congress has made clear that a signature "may not be denied legal effect … solely because it is in electronic form." 15 U.S.C. § 7001(a)(1). Moreover, Federal Rule of Civil Procedure 5(d)(3) requires represented persons to file electronically. And the relevant Local Rules provide that declarants' attorneys can file declarations for their clients by typing "s/ full name" in the signature block and keeping hard-copy originals with handwritten signatures. ELECTRONIC FILING PROS., W.D. WIS. at 1, 5, https://www.wiwd.uscourts.gov/electronic-filing-procedures. Flakes has not shown that the declarants' attorneys failed to comply with these rules.

Finally, Flakes generally challenges the denial of his motion to alter the judgment. But the district court rightly denied this motion, which merely restated

Flakes's arguments rather than identify new evidence or a manifest error of law or fact. *See* FED. R. CIV. P. 59(e); *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

AFFIRMED